POOR RICHARD'S INC. and Richard A. Wybierala, Plaintiffs,

v.

RAMSEY COUNTY, MINNESOTA, Defendant.

Civil No. 4–95–306.

United States District Court, D. Minnesota, Fourth Division.

March 20, 1996.

Robert E. Cattanach, Steven M. Christenson, Alexandra B. Klass, and Dorsey & Whitney, Minneapolis, MN, for plaintiffs.

Harry D. McPeak, Darwin J. Lookingbill, Ramsey County Attorney's Office, St. Paul, MN, for defendant.

## ORDER

DOTY, District Judge.

This matter is before the court on plaintiffs' motion for partial summary judgment and defendant's motion to dismiss. Based on a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiffs' motion and grants in part and denies in part defendant's motion.

## BACKGROUND

Plaintiff Poor Richard's, Inc. ("Poor Richard's") is a business engaged in the collection, transportation and transfer of solid waste. Plaintiff Richard Wybierala ("Wybierala") is the general manager of Poor Richard's. In May 1987, plaintiffs sought and were granted a license to collect and transport waste generated in Ramsey County, an activity in which plaintiffs had been engaged for over 30 years.

That same year, in response to the Minnesota Waste Management Act, Minn.Stat. § 115A.02 *et seq.*, Ramsey County ("the County") adopted a designation ordinance that provided, in part, that "[a]ll Acceptable Waste generated within the County and deposited within the State must be delivered to the Facility in Newport, Minnesota." Ramsey County Solid Waste Ordinance, Section XII, subsection 1 (effective July 13, 1987), attached as Exhibit A to Plaintiffs' Complaint, Docket No. 1. Effective October 8, 1987, the designation ordinance was amended to delete the words "and deposited within the State" and thus required all waste generated in Ramsey County to be delivered to the facility in Newport, Minnesota. This is the current embodiment of Ramsey County's designation ordinance. On September 7, 1993, without amending the text of the ordinance, Ramsey County suspended enforcement of the designation ordinance with respect to waste destined for out-of-state disposal.

On September 2, 1987, plaintiffs received a Notice of Revocation of its license to haul solid waste generated in Ramsey County. Plaintiffs timely requested an administrative hearing on the proposed revocation. Over the next year and a half an administrative law judge ("ALJ") conducted several days of hearings and received copious written submissions by the parties. The record eventually closed on February 7, 1989. On March 9, 1989, the ALJ submitted her "Findings of Fact, Conclusions and Recommendation." The ALJ found that plaintiffs had violated the designation ordinance by failing to haul solid waste generated in Ramsey County to the resource recovery facility in Newport, Minnesota. The ALJ recommended that Ramsey County suspend plaintiffs' license for 60 days, with enforcement stayed for 30 days to provide plaintiffs with the opportunity to comply with the designation ordinance.

On May 23, 1989, Ramsey County rejected the ALJ's recommendation and revoked plaintiffs' license. The County also barred plaintiffs from re-applying for a license for a year and ordered that plaintiffs pay $60,632.90. Finally, the County conditioned any reapplication on a payment of $127,335.03, the "avoided cost" plaintiffs allegedly saved by failing to haul solid waste to the designated Newport facility.

Plaintiffs challenge Ramsey County's actions on several fronts. First, plaintiffs seek a declaration that the various embodiments of Ramsey County's designation ordinance are unconstitutional. Second, plaintiffs claim that Ramsey County violated their substantive due process rights under the Fourteenth Amendment. This claim has two aspects: (1) plaintiffs claim the adoption of the designation ordinance is irrational, arbitrary and capricious because it was not adopted to promote the public good but rather was adopted for the sole purpose of financing Ramsey County's interest in the Newport facility and was enforced after other federal court decisions made clear that designation was unconstitutional; and (2) plaintiffs claim that the County acted arbitrarily and capriciously

when it rejected the ALJ's recommendation and revoked plaintiffs' license.

Plaintiffs' third cause of action is one for damages under 42 U.S.C. § 1983, based on the County's enforcement of the designation ordinance. Count IV states a claim under the Minnesota Antitrust Act, Minn.Stat. § 325D.52. Count V states a federal antitrust claim under the Sherman Act, 15 U.S.C. § 1 *et seq.* Count VI alleges a federal takings violation and Count VII alleges various violations of the Minnesota Constitution including a state takings claim and a substantive due process claim. Plaintiffs move for partial summary judgment on its dormant Commerce Clause claims and section 1983 claim. Ramsey County moves to dismiss the entire complaint based on plaintiffs' lack of standing to challenge the constitutionality of the designation ordinance and for failure to state a claim. Alternatively, Ramsey County opposes plaintiffs' motion for summary judgment as premature.

## DISCUSSION

### A. Defendant's Motion to Dismiss

#### 1. Standard of Review

A motion to dismiss for failure to state a claim tests the sufficiency of the complaint. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). When analyzing a motion to dismiss, the court looks to the complaint as pleaded. The complaint must be liberally construed and viewed in the light most favorable to the plaintiff. The court will dismiss a complaint only when it appears the plaintiff cannot prove any set of facts that supports the claim. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court addresses the County's motion with this standard at hand.

#### 2. Standing

■ The County alleges that plaintiffs lack standing to challenge the constitutionality of the Ramsey County designation ordinance. To establish standing, plaintiffs must satisfy a three-part test: (1) plaintiffs must have suffered an injury in fact, economic or otherwise; (2) there must be a causal connection between plaintiffs' injuries and the challenged action; and (3) a favorable decision in the case must be likely to redress plaintiffs' injuries. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136, 119 L.Ed.2d 351 (1992). The injury in fact alleged must be "an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual and imminent, not conjectural or hypothetical." *Id.* (internal citations and quotations omitted).

There can be no doubt that plaintiffs satisfy these requirements. Plaintiffs seek to redress a concrete and particularized injury, the loss of a license to haul solid waste generated in Ramsey County. Plaintiffs allege economic damages in the form of a $60,632.90 special assessment paid to the County as well as business losses sustained because plaintiffs were unable to compete to haul Ramsey County solid waste. The causal connection is direct. The ordinance regulates plaintiffs' actions as a hauler of Ramsey County solid waste. Because plaintiffs violated the ordinance, the County revoked their license. The injury suffered by plaintiffs will be remedied if the ordinance is declared unconstitutional.

■ Ramsey County asserts, however, that plaintiffs cannot challenge the ordinance because they do not engage in interstate commerce. The County's argument appears to challenge whether plaintiffs are within the "zone of interests" protected by the dormant Commerce Clause. Beyond the Article III requirements, there are three prudential concerns which may limit standing: (1) whether plaintiff asserts his own rights or those of third parties; (2) whether the complaint presents a generalized grievance on an abstract question of wide public significance that most appropriately should be addressed by the legislative branches; and (3) whether plaintiff's actions fall within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question. *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 474–75, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982). The zone of interest requirement is not meant to

be particularly demanding. *Clarke v. Securities Indus. Ass'n.,* 479 U.S. 388, 399, 107 S.Ct. 750, 757, 93 L.Ed.2d 757 (1987). Rather, where the plaintiff is not the subject of the challenged regulatory activity, the zone of interest requirement "denies a right of review if the plaintiff's interests are ... marginally related to or inconsistent with the purposes implicit in the [constitutional provision]." *Id.* Here, plaintiffs are themselves subject to the regulatory action challenged, the enforcement of which deprived them of a license to haul waste generated in Ramsey County. Thus, consideration of the "zone of interest" requirement shall not operate to bar plaintiffs' suit.

■ Moreover, plaintiffs have an interest in an interstate market free from discriminatory regulations imposed by the states. "The Commerce Clause presumes a national market free from local legislation that discriminates in favor of local interests." *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.,* — U.S. —, —, 114 S.Ct. 1677, 1683, 128 L.Ed.2d 399 (1994); *Wyoming v. Oklahoma,* 502 U.S. 437, 469, 112 S.Ct. 789, 808, 117 L.Ed.2d 1 (1992) (Scalia, J., dissenting) ("Our negative Commerce Clause jurisprudence grew out of the notion that the Constitution implicitly established a national free market."). Plaintiffs are direct participants in the market for waste disposal and thus have an interest in ensuring that the market remains free of discriminatory measures harmful to the interstate flow of commerce. *See Boston Stock Exchange v. State Tax Comm'n,* 429 U.S. 318, 320 n. 3, 97 S.Ct. 599, 602 n. 3, 50 L.Ed.2d 514 (1976); *Government Suppliers Consolidating Services, Inc. v. Bayh,* 753 F.Supp. 739, 761 (S.D.Ind.1990), *aff'd,* 975 F.2d 1267 (1992). Plaintiffs thus pass the zone of interest test.

■ Defendant asserts a second standing argument. Specifically, the County opposes plaintiffs' right to challenge the designation ordinance as originally enacted, as amended and enforced from October 1987, until February 1993, and as currently enforced. In their memorandum, plaintiffs appear to only challenge the designation ordinance from July 1987, until February 1993. Ramsey County, on the other hand, asserts that plaintiffs may only challenge the ordinance as enforced from July 13, 1987, until September 2, 1987, "when the record in the revocation proceeding was closed." The basis for the County's position is unclear. The County submitted an affidavit which states that "[d]uring the course of the license revocation proceedings there were numerous occasions when the A.L.J. ruled, and the parties agreed, that the record in that matter closed on September 2, 1987, the date the Notice of Revocation of License was issued to Plaintiffs." Rule 56(f) affidavit of Harry D. McPeak, ¶ 14, pg. 3, Docket No. 20. This affidavit, however, fails to provide any support for this proposition from the administrative record. Furthermore, although plaintiffs received a "Notice of Revocation" on September 2, 1987, the County did not revoke plaintiffs' license until May 23, 1989. As stated, the action which forms the basis of the revocation, according to the resolution issued by the County Board, was plaintiffs' failure from July 13, 1987, through April 1989, to take solid waste to the resource recovery facility in Newport, Minnesota. Plaintiffs have standing to challenge the designation ordinance as originally enacted and as amended in October 1987.

■ From their complaint, plaintiffs also appear to contest the constitutionality of the designation ordinance as currently enforced. The record does not reflect, however, whether plaintiffs have reapplied for a license to haul Ramsey County waste or whether they have been deterred from reapplying due to the significant payment they must make prior to any reapplication. Thus, plaintiffs have asserted no injury or established any causal connection to the current enforcement such as would confer standing to challenge the Ramsey County ordinance in existence today. The court notes, however, that the ordinance as originally enacted is the same as the ordinance as currently enforced.

Accordingly, having satisfied the Article III case and controversy requirements and the court finding no prudential concerns which limit the court's jurisdiction, the court concludes that plaintiffs have standing to challenge the constitutionality of the Ramsey County designation ordinance as originally enacted and as amended to require all waste

to be disposed at the Newport, Minnesota facility.

### 3. Failure to State a Claim

■ The County moves to dismiss Counts I and III of plaintiffs' complaint for failure to state a claim under the dormant Commerce Clause. Applying the generous standard governing dismissal of claims, the court cannot conclude that plaintiffs can prove no set of facts which would establish that the Ramsey County ordinance is unconstitutional under the dormant Commerce Clause. Further, section 1983 supports a Commerce Clause challenge. *Dennis v. Higgins,* 498 U.S. 439, 451, 111 S.Ct. 865, 872–73, 112 L.Ed.2d 969 (1991). Defendant's motion to dismiss Counts I and III is denied.

■ The County moves to dismiss Count II because it is "silly." Mem. in S. of Defendant's Motion to Dismiss, pg. 10, Docket No. 16. In their memorandum, plaintiffs allege that Ramsey County violated their substantive due process rights by threatening to enforce the designation ordinance notwithstanding federal court decisions that invalidated similar ordinances. As stated, however, plaintiffs have alleged no injury from the current enforcement of the ordinance nor the County's "threat" to enforce the ordinance as written. Without such a showing, plaintiffs cannot show that their fundamental rights have been violated.

■ Plaintiffs also allege that Ramsey County acted arbitrarily and capriciously when it rejected the ALJ's recommendation and revoked their license, thus, "by the stroke of a pen [destroying] a family business that had taken thirty years to build." Pls. Memo.Resp. to D. Motion to Dismiss, pg. 13, Docket No. 22. To state a substantive due process claim, plaintiffs must allege: (1) a deprivation of a protected property interest or the infringement of some other fundamental right; and (2) that the deprivation or infringement was without a rational basis or that it was motivated by ill will or bad faith. *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 445–46 (8th Cir.1995); *Chesterfield Dev. Corp. v. City of Chesterfield,* 963 F.2d 1102, 1104 (8th Cir.1992).

Plaintiffs have alleged sufficient facts to support each element. Plaintiffs claim an entitlement to a license to haul Ramsey County waste which was issued for a set duration. Plaintiffs allege that the license was arbitrarily and capriciously revoked without a rational basis and because of the County's personal or political animus against plaintiffs. Thus, the County's motion to dismiss this aspect of Count II is denied.

Finally, for the reasons stated by the court in *Ben Oehrleins v. Hennepin County, Minn.,* 867 F.Supp. 1430, 1435–36 (D.Minn. 1994), the court dismisses plaintiffs' antitrust claims asserted under the Sherman Act and Minn.Stat. § 325D.52 *et. seq.* Further, the court finds that the County's argument that plaintiffs' section 1983 claims are subject to a two year statute of limitations is without merit. *See id.* at 1436–37. The court also rejects defendant's argument that plaintiffs' Commerce Clause challenge is somehow subject to a 60 day limitation. For the reasons stated in *Waste Systems Corp. v. County of Martin, Minn.,* 784 F.Supp. 641, 646 (D.Minn.1992), the court will dismiss plaintiffs' takings claim under the Fifth Amendment. Further, for the reasons stated by the court's order dated March 28, 1996, in *Ben Oehrleins v. Hennepin County, Minnesota,* 922 F.Supp. 1396 (D.Minn.), the court finds that plaintiffs have failed to state a claim for damages under the Minnesota Constitution. Accordingly, the court grants defendant's motion to dismiss Counts IV, V, VI and VII, as well as part of Count II. The court denies defendant's motion to dismiss Counts I, III and part of Count II.

### B. Plaintiffs' Motion for Summary Judgment

#### 1. Standard of Review

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). This standard mirrors the standard for judgment as a matter of law under Fed-

eral Rule of Civil Procedure 50(a), which requires the trial court to enter judgment as a matter of law if there can be but one reasonable conclusion as to the verdict. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510–11.

On a motion for summary judgment, the court views the evidence in favor of the non-moving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *Id.* at 250, 106 S.Ct. at 2511. The nonmoving party, however, cannot rest upon mere denials or allegations in the pleadings. Nor may the nonmoving party simply argue facts supporting its claim will be developed later or at trial. Rather the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). If reasonable minds could differ as to the import of the evidence, judgment as a matter of law should not be granted. *See Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511–12. If a plaintiff fails to support an essential element of a claim, however, summary judgment must issue because a complete failure of proof regarding an essential element renders all other facts immaterial. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552–53. The court applies this standard when addressing plaintiffs' motion for partial summary judgment.

**2. Discrimination Under the Commerce Clause** [1]

Plaintiffs' complaint challenges the constitutionality of Ramsey County's designation ordinance under the Commerce Clause of the United States Constitution. As stated, at issue is the ordinance as originally enacted

and as amended in October 1987. The Ramsey County ordinance provides, in part, that "[a]ll Acceptable Waste generated within the County and deposited within the State must be delivered to the Facility in Newport, Minnesota." Ramsey County Solid Waste Ordinance, Section XII, subsection 1 (effective July 13, 1987), attached as Exhibit A to Plaintiffs' Complaint, Docket No. 1. Effective October 8, 1987, the designation ordinance was amended to delete the words "and deposited within the State" and thus required all waste generated in Ramsey County to be delivered to the facility in Newport, Minnesota.

The Commerce Clause of the United States Constitution provides that "Congress shall have the Power ... [t]o regulate Commerce ... among the several States." U.S. Const. Art. I, § 8, cl. 3. This clause of the Constitution is also understood to have a negative or dormant application which "denies the States the power unjustifiably to discriminate against or burden the interstate flow of articles of commerce." *Oregon Waste Sys., Inc. v. Department of Envtl. Quality of Oregon*, 511 U.S. 93, ——, 114 S.Ct. 1345, 1349, 128 L.Ed.2d 13 (1994). Thus, the dormant Commerce Clause "prohibits economic protectionism—that is, regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *New Energy Co. of Indiana v. Limbach*, 486 U.S. 269, 273, 108 S.Ct. 1803, 1807, 100 L.Ed.2d 302 (1988). The Supreme Court has also recognized, however, the right of states to adopt regulations designed to safeguard the health and safety of its people even though such regulations may incidentally burden interstate commerce. *City of Philadelphia v. New Jersey*, 437 U.S. 617, 624, 98 S.Ct. 2531, 2535–36, 57 L.Ed.2d 475 (1978). The Supreme Court has held that solid waste is an article of commerce and legislation by the states which restricts its movement is

---

1. Ramsey County opposes plaintiffs' motion for partial summary judgment as premature. In support of its position, Ramsey County submitted a Fed.R.Civ.P. 56(f) affidavit which states that discovery must be conducted to determine whether plaintiffs engaged in interstate commerce. For the reasons stated, however, it is

irrelevant for purposes of plaintiffs' Commerce Clause challenge whether they actually hauled waste across state lines. Accordingly, any such discovery would not aid defendant in its opposition to plaintiffs' motion. Accordingly, the court declines to delay consideration of plaintiffs' motion for partial summary judgment.

subject to constitutional scrutiny. *Id.* at 622–23, 98 S.Ct. at 2534–35.

In a Commerce Clause challenge, the burden is initially on the plaintiff to show that the legislation is discriminating against interstate commerce on its face or in its purpose or effect. *Hughes v. Oklahoma,* 441 U.S. 322, 326, 99 S.Ct. 1727, 1731, 60 L.Ed.2d 250 (1979). Discrimination for purposes of the Commerce Clause is "differential treatment of in-state and out-of-state economic interests that benefit the former and burden the latter." *Oregon Waste,* 511 U.S. at ——, 114 S.Ct. at 1350. If a statute discriminates in favor of a local investment, it is *per se* invalid unless the state can prove, "under rigorous scrutiny, that it has no other means to advance a legitimate local interest." *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.,* —— U.S. ——, 114 S.Ct. 1677, 128 L.Ed.2d 399 (1994).

Based on the Supreme Court's decision in *Carbone,* there can be no dispute that the Ramsey County designation ordinance, as written and enforced from October 1987 through February 1993, is unconstitutional. "Like the regulation in *Carbone,* the ordinance hoards the demand for waste processing (itself an article of commerce) for the benefit of the preferred facilities. It is thus discriminatory." *Ben Oehrleins v. Hennepin County, Minnesota,* 922 F.Supp. 1396, 1402–03 (holding unconstitutional Ordinance 12 as written, an ordinance which parallels Ramsey County's designation ordinance). As in *Oehrleins,* Ramsey County has failed to come forward with any evidence that there are no alternative measures, aside from designation, to advance its interests in environmentally sound waste disposal.

The alleged unconstitutional nature of the Ramsey County designation ordinance as originally enacted and enforced from July 1987, until October 1987, is less obvious. During that period Ramsey County required that only waste destined to be deposited in Minnesota must be hauled to the resource recovery facility in Newport, Minnesota. Ramsey County places great emphasis on the fact that during this period, the ordinance "favored" out-of-state interests. Presumably, the County's argument of favoritism is grounded in the fact that a hauler did not have to comply with the designation ordinance if it chose to transport waste out-of-state. For the reasons stated in the court's order in *Oehrleins,* the court holds that the Ramsey County ordinance, as enforced until October 1987, was unconstitutional. 922 F.Supp. at 1403–05. Even though the ordinance had an out-of-state "safety valve," it restricted the inflow of waste processing services to the benefit of one local facility. The County has failed to justify in any way the necessity of its discrimination.

Thus, the court concludes that the revocation of plaintiffs' license to haul Ramsey County waste for conduct spanning from July 1987, until April 1989, is invalid. Even if the court limited its inquiry, as defendant suggests, to the period of time from July 1987, until September 2, 1987, the designation ordinance ran afoul of the dormant Commerce Clause, thus, invalidating the County's action. Plaintiffs' claim for damages arising from the revocation of their hauler's license is cognizable under section 1983, *Dennis v. Higgins,* 498 U.S. 439, 451, 111 S.Ct. 865, 873, 112 L.Ed.2d 969 (1991), and plaintiffs have established the County's liability. Plaintiffs' motion for partial summary judgment on Counts I and III is granted. The total amount of damages, however, remains in dispute. By this motion, plaintiffs seek partial summary judgment in the amount of $60,632.90. That motion is granted.

Plaintiffs also seek an award of attorneys' fees. As a prevailing party on their section 1983 claim, plaintiffs are entitled, in the discretion of the court, to a reasonable attorney fee. 42 U.S.C. § 1988. Plaintiffs' motion is conditionally granted pending plaintiffs' submission, by April 19, 1996, of supporting documentation of fees incurred. Defendant may respond to plaintiffs' submission by May 10, 1996.

## CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to dismiss is granted in part and denied in part. Counts IV, V, VI and VII are dismissed with prejudice;

2. Plaintiffs' motion for partial summary judgment on Counts I and III is granted. Partial judgment in favor of plaintiffs and against defendant is granted in the amount of $60,632.90;

3. Plaintiffs' motion for attorneys' fees is conditionally granted with supporting documentation to be submitted to the court as outlined.